# EXHIBIT B



June 10, 2024

**VIA EMAIL**
Elisia Hahnenberg
Lisi.haneneberg@usi.com

Dear Lisi:

This will confirm receipt of your letter resigning from your employment with USI Insurance Services LLC ("Company" or "USI") with the effective date of June 10, 2024.

This letter is also to remind you of your continuing obligations to the Company pursuant to your **Confidentiality, Non-Solicitation and Non-Interference Agreement** with the Company ("Agreement"), a copy of which is enclosed. The Company fully expects you to comply with your obligations under the Agreement, including those set forth below.

In the Agreement, you agreed, among other things, to abide by certain covenants both during your employment with USI and for specified times after your employment ceased. For example, you agreed not to "use or disclose any Confidential Information of the Company," except in limited approved circumstances, during your employment and for a period of five (5) years following termination or resignation of your employment with USI. (Agreement at § 4.2.) The Confidential Information you agreed not to use or disclose includes, but is not limited to:

> (i) the identity, authority and responsibilities of key contacts and decision-makers employed by Client Accounts or Active Prospective Clients of the Company or any Predecessor; (ii) the types, terms and conditions of coverage and particularized insurance needs, requirements, risk specifications, preferences, expiration dates, claims and loss histories, and commission rates, fees and premiums of the Client Accounts or Active Prospective Clients of the Company or any Predecessor; (iii) the terms and conditions of benefits and compensation plans of Client Accounts or Active Prospective Clients of the Company or any Predecessor; (iv) the information furnished to the Company or any Predecessor in confidence by any Client Account or Active Prospective Client; (v) the business plans, marketing strategies, and pricing structure, criteria and formulae for insurance and benefits products and claims management, and unpublished financial data and statements of the Company, its corporate affiliates or any Predecessor; (vi) the lists of the Client Accounts or Active Prospective Clients of the Company or any Predecessor, and any analyses and compilations thereof; (vii) the information that is password-protected; (viii) all internal memoranda and other office records, including electronic and data processing files and



records; (ix) any and all other proprietary information of the Company, any Predecessor or a USI Company, including any information contained within a proprietary database; and (x) any and all other information that constitutes a trade secret under applicable law.

(Agreement at § 1(e).)

In the Agreement, you also agreed to certain non-solicitation, client non-competition, and employee non-interference restrictions. You agreed that during the term of your employment with USI and for a period of two (2) years following termination or resignation of your employment you would not solicit any Client Accounts of USI and that during the term of your employment with USI and for a period of six (6) months following termination or resignation of your employment you would not solicit any Active Prospective Clients of USI. Specifically, you agreed that:

(a) During Employee's employment with the Company and for two (2) years after Employee is no longer employed with the Company, for any reason, Employee shall not, without the Company's prior written consent, directly or indirectly, on behalf of any Competitive Business in any capacity: (i) solicit or attempt to solicit services in competition with the Company to any Client Account; (ii) divert or attempt to divert services away from the Company with respect to any Client Account; (iii) consult for any Client Account with respect to services in competition with the Company; (iv) sign a broker of record letter with any Client Account to provide services in competition with the Company; or (v) induce the termination, cancellation or non-renewal of any Client Account; in each case with respect to any Client Account that Employee managed or regularly serviced and/or about which Employee obtained Confidential Information on behalf of the Company within the last two (2) years of Employee's employment with the Company.

(b) During Employee's employment with the Company and for six (6) months after Employee is no longer employed with the Company, for any reason, Employee shall not, without the Company's prior written consent, directly or indirectly, on behalf of any Competitive Business in any capacity: (i) solicit or attempt to solicit services in competition with the Company to any Active Prospective Client; (ii) divert or attempt to divert services away from the Company with respect to any Active Prospective Client; (iii) consult for any Active Prospective Client with respect to services in competition with the Company; or (iv) sign a broker of record letter with any Active Prospective Client to provide services in competition with the Company; in each case with respect to any Active Prospective Client that Employee solicited and/or about which Employee obtained Confidential Information on behalf of the Company within the last six (6) months of Employee's employment with the Company.

(Agreement at § 4.5.)

You further agreed that during your employment with USI and for a period of two (2) years following termination or resignation of your employment that you would refrain



from competing with USI with respect to certain Client Accounts or Active Prospective Clients. Specifically, you agreed that:

> [D]uring the Term and for two (2) years after Employee is no longer employed with the Company, for any reason, Employee will refrain from carrying on any business in competition with the Company, directly or indirectly, with respect to any Client Account or Active Prospective Client in the Geographic Area. "Carrying on any business in competition with the Company" shall mean the sale of or providing any product or service that competes, or is reasonably anticipated to compete, in the same markets, with a product or service of the Company as to which Employee had a role in the sale, marketing, distribution, or development in the last two (2) years of Employee's employment with the Company, or about which Employee acquired Confidential Information. For purposes of this Section 4.6, the term "Geographic Area" shall include any territory within a one hundred (100) mile radius of any Company facility in which Employee maintained an office during the last twelve (12) months of Employee's employment hereunder, including any counties in the Geographic Area in which Employee conducted business or where Client Accounts or Active Prospective Clients with whom Employee had material contact in the two (2) years prior to termination of Employee's employment with the Company are present.

(Agreement at § 4.6.)

You also agreed that during your employment with USI and for a period of two (2) years following termination or resignation of your employment that you would not solicit or induce other employees of USI to leave USI and work for a competitor. Specifically, you agreed that:

> [D]uring Employee's employment with the Company and for two (2) years after Employee is no longer employed with the Company, for any reason, Employee shall not, directly or indirectly, on behalf of any Competitive Business in any capacity: (a) solicit the employment, consulting or other services of, or hire, any other employee of the Company; or (b) otherwise induce any such employee to leave the Company's employment or breach an employment agreement therewith; in each case with respect to any employee of the Company with whom Employee worked or obtained knowledge about as a result of Employee's employment with the Company.

(Agreement at § 4.7.)

You agreed that the covenants in the Agreement, including those set out above, "are reasonable and necessary to protect the Company's Confidential Information and Goodwill" (Agreement at § 4.8) and "any damage caused by Employee's breach of Section 4 of this Agreement would result in irreparable harm to the business of the Company for which money damages alone would not be adequate compensation" (Agreement at § 5).



      USI is aware that you have accepted employment Lockton, a direct competitor of USI. As more fully described above, you may not, on behalf of Lockton: (i) solicit—either directly or indirectly through Lockton—any USI Client Account or Active Prospective Client; (ii) provide—either directly or indirectly through Lockton—products or services to any USI Client Account or Active Prospective Client in the Geographic Area that compete with the products or services you provided during your employment with USI; or (iii) solicit or induce—either directly or indirectly through Lockton—any USI employee with whom you worked to leave USI. You also may not use in the course of your employment with Lockton or disclose to Lockton any Confidential Information of USI.

      USI takes very seriously the obligations of its former employees, particularly when failures to abide by those obligations cause or threaten to cause actual damage to USI's legitimate business interests. USI will be monitoring this situation closely and is prepared to fully enforce its rights should it determine that you are engaged in any violation of the Agreement or any other applicable law.

      Please contact me if you have any questions.

Sincerely,

*Kathy Dalton*

Kathy Dalton, SPHR
Regional Chief Human Resources Officer, Vice President
Midsouth Region


Encl.
cc: HR File